IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RANDALL A. HAMMACK, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. 3:19-cv-00956-NJR |
| T. G. WERLICH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Randall A. Hammack brings this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[2] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Hammack alleges prison officials violated his rights under the Eighth Amendment by denying him adequate medical care for his hand and forcing him to choose between surgery or release to a halfway house. He seeks injunctive relief in the form of medical treatment including surgery.

The Court is obligated to independently evaluate the substance of Hammack's claims to determine if the correct statute, in this case 28 U.S.C. § 2241, is being invoked. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the

---

[1] Hammack was a federal prisoner incarcerated at the FCI-Greenville at the time he filed this action.

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999).

A habeas petition is not a proper vehicle for Hammack's claim that prison officials have been deliberately indifferent to his medical needs in violation of the Eighth Amendment. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). Hammack's deliberate indifference claim belongs in an action under 42 U.S.C. § 1983[3] and is, therefore, **DISMISSED** without prejudice.

Although he seeks only medical care, Hammack alleges prison officials forced him to choose between surgery or release to a halfway house which extended his release date. He provides no further information. To the extent he may be alleging that he is entitled to release, Hammack will be granted leave to file an amended petition. The Court notes that Hammack filed a notice of change of address. If he chooses to file an amended petition, he should include information as to his current status.

Finally, Hammack claims he should be appointed counsel because the BOP and its staff are represented by the U.S. Attorney's Office with unlimited resources. Civil litigants do not have

---

[3] The Court notes that Hammack has a pending action in this Court, SDIL Case No. 19-00230-JPG, in which he makes a claim of inadequate medical care for his hand and seeks medical treatment including surgery.

a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff s capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Hammack discloses no efforts to locate counsel on his own and, therefore, his request for recruitment of counsel is premature. Additionally, he does not offer any reasons why he is unable to proceed *pro se* in this action. Accordingly, Hammack's request for appointment of counsel is **DENIED**.

For these reasons**,** the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice. If Hammack wishes to pursue this habeas action further, he must file an Amended Petition setting forth the facts and law that support his request for relief by **December 31, 2019**. The filing should be labeled Amended Petition for Writ of Habeas Corpus and list case number 19-cv-00956-NJR on the first page. An Amended Petition supersedes and replaces all prior versions, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). For this reason, the Amended Petition must stand on its own without reference to the original Petition.

To assist Hammack in complying with this Order, the Clerk of Court is **DIRECTED** to provide him with a blank form for Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Hammack is **WARNED** that failure to comply with this Order will result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, Hammack is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this directive will cause a delay in the transmission of court documents and may result in the dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 26, 2019

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**