**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RANDALL A. HAMMACK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-956-NJR** |
| | ) | |
| | ) | |
| **T.G. WERLICH,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Randall Hammack filed this action pursuant to 28 U.S.C. § 2241 seeking medical care. The Petition did not survive screening and was dismissed without prejudice because Hammack sought medical care rather than a change in his custody (Doc. 9). Because Hammack mentioned that he had to choose between surgery or release to a halfway house, Hammack was granted to leave to file an Amended Petition to the extent he was seeking release from custody. Hammack had until December 31, 2019, to amend his petition, and he was warned that the case would be dismissed with prejudice if he failed to take any action by that deadline (*Id.*). Hammack missed the deadline and has not requested an extension or filed an Amended Petition.

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** based on Hammack's failure to file an Amended Petition. *See* Federal Rule of Civil Procedure 41(b); Rules Governing Section 2254 Cases Rule 12. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

If Hammack wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1(A). A motion for

leave to appeal *in forma pauperis* ("IFP") must set forth the issues Hammack plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Hammack does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal. It is not necessary for Hammack to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: 1/15/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**